IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CR104 |
| | ) | |
| v. | ) | |
| | ) | |
| PEDRO ROMERO, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Defendant Pedro Romero's objection, Filing No. 62, to the report and recommendation (R&R) of the magistrate judge, Filing No. 56. The magistrate judge recommended denial of Romero's motion to suppress, Filing No. 24. Romero is charged with violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1), possession with intent to distribute more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine, Filing. No. 1, Indictment.

Under 28 U.S.C. § 636(b)(1), the court makes a de novo determination of those portions of the report and recommendation to which the parties object. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003). The court has conducted a de novo review of the record, including the transcript of the hearing which includes the findings and conclusions of the magistrate judge (Filing Nos. 56 and 59), Exhibits 1 and 3 (Filing No. 54), and the relevant law. The court agrees with the magistrate judge's recitation of the facts and application of the law and will only briefly summarize them in this memorandum and order. The court overrules Romero's objection to the R&R, denies his motion to suppress

1

the evidence, and adopts the report and recommendation of the magistrate judge in its entirety.

**FACTS**

Shortly after 10 a.m. on February 2, 2009, Deputy Dave Wintle of the Douglas County Sheriff's Department performed a traffic stop on a white GMC Yukon, proceeding east on Interstate 80, in which Romero was a passenger. The deputy initially pulled over the vehicle, and eventually issued a written warning to the driver, Jorge Uriel-Esquivel, for following too closely in violation of [Neb. Rev. Stat. § 60-6](), 140(1). Neither Romero nor Uriel-Esquivel speak English as their primary language. Both men speak and understand Spanish.

The officer issued a written warning to Uriel-Esquivel. Deputy Wintle asked Romero for consent to search the vehicle. Romero denied the request. Deputy Wintle then asked Uriel-Esquivel for consent to search the vehicle. Uriel-Esquivel consented to the search and signed a consent to search form written in the Spanish language. After another officer arrived at the scene, the officers asked Romero to step out of the vehicle, he complied, and Deputy Wintle proceeded with the search.

Deputy Wintle, a canine officer, performed a walk around the vehicle with his dog. After circling the vehicle, the dog alerted to the presence of contraband at the rear of the vehicle. Deputy Wintle performed a search of the vehicle and initially found no drugs or weapons. Deputy Wintle then laid on his back and slid underneath the vehicle to get a look at the undercarriage. While underneath the vehicle, Deputy Wintle noticed fresh scratch marks on the bolts and clamps holding the gas tank in place. This indicated to Deputy Wintle that the gas tank had been recently removed and replaced.

Officers towed the vehicle to the Douglas County Garage, placed it on a lift, and removed the gas tank. Inside the gas tank deputies found approximately six pounds of methamphetamine.

**DISCUSSION**

Romero challenged the admissibility of the evidence on several grounds. Romero claims that the initiation of the traffic stop was undertaken without reasonable suspicion or probable cause and that after Deputy Wintle issued the warning, he had no additional reasonable suspicion to extend the stop for a search. Romero further contends that no valid consent was given for the search because there were communication barriers between the Spanish-speaking occupants of the vehicle and the English-speaking deputy. Romero relies on *Illinois v. Caballes* claiming that the duration of the traffic stop was unreasonably extended when Deputy Wintle performed the canine search. 543 U.S. 405 (2005).

In response, the government argues that the stop was undertaken with valid probable cause because Deputy Wintle determined that the driver of the vehicle was following another vehicle too closely, in violation of Neb. Rev. Stat. § 60-6, 140(1). In claiming that the search at issue was legal, the government relies on *United States v. Flores*, 474 F.3d 1100 (8th Cir. 2007). The government argues that since the officer asked for and received valid consent, the search of the vehicle was legal and the evidence discovered as a result of the search is admissible.

The magistrate judge recommended that Romero's motion to suppress be denied. The magistrate judge determined that Deputy Wintle had a reasonable basis for believing that the driver was in violation of a traffic law and, therefore, was well within his rights to

3

stop the vehicle. The magistrate judge further found that the consent to search, given by the driver, was valid and therefore evidence obtained pursuant to that search is admissible.

This court agrees. Any traffic infraction, regardless of perceived severity, gives an officer probable cause to stop a driver. *United States v. $404,905.00 in U.S. Currency*, 182 F.3d 643, 646 (8th Cir. 1999). After making a traffic stop, an officer may detain the occupants while undertaking a number of routine tasks related to a traffic violation. *Id.* at 647. Such tasks include checking vehicle registration, driver's license and criminal history, and writing a citation or warning. *Id.*

The initial traffic stop was undertaken with probable cause. The infraction of following too closely violates Neb. Rev. Stat. § 60-6, 140(1). Therefore, pursuant to *United States v. $404,905.00 in U.S. Currency*, Deputy Wintle had valid probable cause to stop the vehicle. Moreover, Deputy Wintle was permitted to detain Romero after the stop in order to check the registration of the vehicle and the driver's identification, and to issue the warning.

To determine if consent for a search was validly given, the court must look at the totality of the circumstances. *United States v. Bradley*, 234 F.3d 363, 366 (8th Cir. 2000). When looking at the totality of the circumstances, the court should consider the defendant's age, intelligence and education, whether he was under the influence of drugs or alcohol, whether he was informed of his right to withhold consent, and whether he was aware of the rights afforded criminal suspects. *Id.* Consideration of these factors is to serve as a valuable guide, but should not be applied mechanically to determine the voluntariness of consent. *Id.*

4

The driver of the vehicle, co-defendant Uriel-Esquivel, signed a valid consent to search form making the issue of probable cause to search irrelevant. This court has reviewed the factual findings of the magistrate judge, as well as the in-dash video recording from Deputy Wintle's cruiser, Exhibit 3, Filing No. 54. When considering the totality of the circumstances surrounding the consent to search, it is evident that consent was validly given. Though Deputy Wintle's primary language is English and Uriel-Esquivel's primary language is Spanish, the video from the Deputy's cruiser shows that the two men were able to communicate in simple terms. The consent to search form that Uriel-Esquivel signed, Exhibit 1, Filing No. 54, was written in Spanish and Deputy Wintle asked if Uriel-Esquivel understood the form after he finished reading it. This court believes that Uriel-Esquivel had sufficient capacity to understand and that he knowingly consented to the search of the vehicle. As a result, this court agrees with the magistrate judge that the consent to search the vehicle was voluntarily given, and the resulting discovery of the methamphetamine is admissible.

THEREFORE, IT IS ORDERED:

1. Defendant's motion to suppress evidence, Filing No. 24 is denied;
2. Defendant's objections, Filing No. 62 are overruled; and
3. The report and recommendation of the magistrate judge, Filing No. 56, is adopted in its entirety.

DATED this 1st day of February, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.